IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONYA MCNEAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 2:20-cv-00197-WKW-SRW |
| | ) | |
| GENPACK, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION[1]

I.    **Introduction**

On March 19, 2020, Defendants Genpak, LLC and Cathi Sawchuk[2] removed this action, which was filed in the Circuit Court for Montgomery County, Alabama, to this court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, without objection. The parties are diverse, and the complaint contains allegations sufficient to demonstrate that the amount in controversy requirement is met. (Doc. 1-1). The complaint alleges a state law claim of fraud and purports to be brought by three *pro se* plaintiffs identified as Tonya McNeal, Cedrick Grandison, and their unnamed child. *Id*.

Before the court is Defendants' motion to dismiss (Doc. 5), under Federal Rules of Civil Procedure 12(b)(5) and (6). Defendants argue that Plaintiffs' complaint should be dismissed because (1) Plaintiffs have failed to plead sufficient facts stating a claim of fraud, (2) Plaintiff

---

[1] On March 27, 2020, Senior United States District Judge William Keith Watkins referred this action to the undersigned for a decision or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636. (Doc. No. 6).

[2] Defendants assert that the complaint incorrectly names Cathi Sawchuk as "Kathy Sawchuk." (Doc. 5, at 2).

Grandison has failed to plead sufficient facts of employment discrimination, (3) Plaintiffs have no standing to assert any claims on behalf of their unnamed child, and (4) Plaintiffs failed to effect service of process on Defendant Sawchuk within ninety days of filing the complaint in violation of Fed. R. Civ. P. 4(m). (Doc. 5). Plaintiff McNeal submitted a letter as a response (Doc. 11), to which Defendants filed a reply (Doc. 12).

For the reasons set forth below, the court concludes that Defendants' motion is due to be granted and that this action should be dismissed without prejudice.

## II.   Legal Standards

### A.   Dismissal for Insufficient Service of Process-Rule 12(b)(5)

Service of process must comply with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4. When it does not, a defendant may move to dismiss based on insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, where a court finds insufficient service, it is improper for the district court to reach the merits in the case and to issue a dismissal with prejudice as to that defendant. *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182-83 (11th Cir. 2007); *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013).

The defendant has the initial burden of "'challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed.R.Civ.P. 4," but "'[o]nce the defendant carries that burden, then the burden shifts to the plaintiff to prove a prima facie case of proper service of process.'" *Sobek Therapeutics, LLC v. SVADS Holdings SA*, 303 F.R.D. 409, 412 (M.D. Fla. 2014) (citation omitted). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d

826, 829 (11th Cir. 2007). "In deciding a Rule 12(b)(5) motion, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue." *Floyd v. Pem Real Estate Grp.*, No. CV 17-00451-CG-N, 2018 WL 4376504, at *3 (S.D. Ala. Aug. 17, 2018), *report and recommendation adopted as modified*, No. 1:17-CV-451-TM-N, 2018 WL 4374185 (S.D. Ala. Sept. 13, 2018) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[3] The Court must extend the time for service upon a showing of good cause, and it may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or *sua sponte*. Fed. R. Civ. P. 4(m); *Wearing v. Savannah State Univ.*, 132 F. App'x 813, 814 (11th Cir. 2005); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice upon the court's own initiative with notice to the plaintiff. *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006); *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174

---

[3]In removal actions, the 90-day time period for service of process runs from the date of the removal. *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1340-41 (N.D. Ga. 2013); *Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16-CV-306-FTM-38CM, 2016 WL 6681062, at *3 (M.D. Fla. Nov. 14, 2016) (collecting cases).

(9th Cir. 2002); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 n.4 (6th Cir. 1991)

(noting that "the issue of ineffective service of process may be raised sua sponte").

While the filings of *pro se* litigants are liberally construed, courts still require *pro se*

litigants "to comply with procedural rules, like the rules of service in Rule 4, Fed. R. Civ. P. *Pouyeh*

*v. Pub. Health Tr. of Jackson Health Sys*., 718 F. App'x 786, 789-90 (11th Cir. 2017) (citing *Albra*,

490 F.3d at 829).

### B.     Dismissal for Failure to State a Claim-Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6), the plaintiff must allege "enough facts to state a claim for relief that is plausible on its

face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The standard for a motion to

dismiss under Rule 12(b)(6) was explained in *Twombly,* and refined in *Ashcroft v. Iqbal,* 556 U.S.

662, 678 (2009), as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a
> court must accept as true all the allegations contained in a complaint is inapplicable
> to legal conclusions. Threadbare recitals of the elements of a cause of action,
> supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable
> and generous departure from the hypertechnical, code-pleading regime of a prior
> era, but it does not unlock the doors of discovery for a plaintiff armed with nothing
> more than conclusions. Second, only a complaint that states a plausible claim for
> relief survives a motion to dismiss. Determining whether a complaint states a
> plausible claim for relief will … be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But where
> the well-pleaded facts do not permit the court to infer more than the mere possibility
> of misconduct, the complaint has alleged – but it has not shown – that the pleader
> is entitled to relief.

*Iqbal,* 556 U.S. at 678–79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the

complaint that are not entitled to the assumption of truth" because they are conclusory.  *Id.* at 680;

*Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's

approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After

conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' … that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility. *Mamani,* 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiffs are required to "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 683 (internal editing and citation omitted.).

In ruling on a 12(b)(6) motion, a court generally may consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept legal conclusions couched in the form of factual allegations. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019) (citing *Twombly*, 550 U.S. at 555).

While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "that does

not give 'a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (citation omitted).

## III.   Factual Background[4]

The complaint alleges that Plaintiff McNeal contacted Sawchuk about "the fraudulent documents" that Genpak's Human Resources department sent to an unnamed entity about McNeal's child and child support, which caused Grandison to fall behind almost $2,000.00 in child support payments. (Doc. 1-1). Because of a "misunderstanding," Plaintiff McNeal did not receive child support payments due to her, causing her to lose her house. *Id*. The complaint also alleges that Defendant Sawchuk subsequently "sen[t] people to ni[t] pick with [Grandison] on the job" and "try[] to take his job from him." *Id*. The complaint further alleges that Genpak is at fault, and seeks $100,000.00 for McNeal's unnamed child's pain and suffering. *Id*.

## IV.   Analysis

### A.   Grandison and Minor Child

As an initial matter, although Cedrick Grandison's name appears in the style of the complaint, Grandison did not sign the complaint. (Doc. 1-1). The record shows that on February 19, 2020, Plaintiff Tonya McNeal filed along with her complaint an affidavit of substantial hardship and order that was granted by the state circuit court of Montgomery County, Alabama. (Doc. 1-1; Doc. 1-2, at 6-8). There is nothing in the court record showing that Grandison is a plaintiff in this case. While 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third party. *See Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir.

---

[4] These facts are gleaned exclusively from the allegations in the complaint and any state court documents attached thereto. They are the operative facts for the purposes of the court's ruling on the motion to dismiss.

2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null."); *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018). Here, McNeal is appearing *pro se* and does not allege that she is an attorney. Thus, while Plaintiff McNeal may bring a lawsuit on her own behalf, she may not do so on behalf of Grandison. Grandison must pursue his own interests. Because he did not sign the complaint and McNeal cannot represent him, Grandison and any of his claims are due to be dismissed without prejudice from this action.

Further, while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney. *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) ("a non-lawyer parent has no right to *represent* a child in an action in the child's name.") (emphasis in original); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Therefore, McNeal may not bring claims on behalf of her minor child unless the child is represented by counsel. Accordingly, because the child is not represented by an attorney, the claims brought on behalf of her minor child are due to be dismissed without prejudice.

## B.    Insufficient Service of Process

Defendants contend that Plaintiff's attempted service on Defendant Sawchuk by process server at the address of Genpak's Montgomery office was insufficient. On February 19, 2020, Plaintiff McNeal filed her original complaint against Defendants Genpak and Sawchuk in the circuit court of Montgomery County, Alabama. (Doc. 1-1). The service return filed with the state court shows that on February 26, 2020, a copy of the summons was served on Joy Ward, an employee in Genpak's Human Resources department. (Doc. 1-2, at 10). On March 19, 2020,

Defendants removed the action from the state court to this court. (Doc. 1). The court's docket reflects that Plaintiff has not made any further attempt to serve Sawchuk.

"'In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed.'" *Moore*, 916 F. Supp. 2d at 1339 (citation omitted). Despite any deficiencies in attempting service of process under state law, a plaintiff may still perfect service after removal under federal law. *See* 28 U.S.C. § 1448; *see also* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."). Thus, "'[a]fter removal the sufficiency of service of process is determined according to federal law.'" *Moore*, 916 F. Supp.2d at 1339 (citations omitted); *Harris v. Bergen*, No. 619CV1420ORL37DCI, 2019 WL 6684072, at *3 (M.D. Fla. Nov. 19, 2019), *report and recommendation adopted*, No. 619CV1420ORL37DCI, 2019 WL 6683139 (M.D. Fla. Dec. 6, 2019) ("'In determining the validity of service in the state court prior to removal of an action, the federal court must apply the law of the state under which the service was made.' 'But once a case has been removed to federal court, federal law governs subsequent attempts at service of process.'") (citations omitted).

Plaintiff, who ultimately bears the burden of establishing proof of service of process, has failed to demonstrate that she effectively served Defendant Sawchuk either before or after removal, or that she has shown good cause for not re-serving Sawchuk. Rule 4(c)(1) of the Alabama Rules of Civil Procedure provides that service of process on an individual shall be made as follows:

> Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

Ala. R. Civ. P. 4(c)(1).

Similarly, Rule 4(e) of the Federal Rules of Civil Procedure sets forth the means by which a party may perfect proper service on an individual:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, the record reflects that either before or after removal Plaintiff did not personally serve Defendant Sawchuk and did not leave a copy of the summons at her dwelling or usual place of abode. The summons was left with a co-employee at the local office of Defendant's employer. Defendants raised this issue in their motion to dismiss, but McNeal did not address the issue in her response. Nor has Plaintiff presented any evidence that she has made any further attempt to serve Sawchuk. Accordingly, the court concludes that the claims against Sawchuk are due to be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See Wearing*, 132 F. App'x at 814-15 (dismissal without prejudice was appropriate under Rule 4(m) where there was no showing of cause, as appellants were on notice that sufficiency of process was at issue when defendants filed their initial motion to dismiss and appellants never made any attempt to correct the defective service or even inquire into the alleged deficiency or offer any proof that they actually corrected the defective service).

**C.      Failure to State a Claim**

Defendants maintain that Plaintiff has failed to plead sufficient facts to state a claim for fraud against Genpak and/or its representatives. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted). According to the Eleventh Circuit:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). "Furthermore, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). Thus, while not every element must be stated with particularity, the plaintiff must plead more than generalized or conclusory statements setting out the fraud. *Knight v. Insulspan, Inc.*, No. 7:05-CV-02461-LSC, 2008 WL 11422535, at *4 (N.D. Ala. Jan. 17, 2008). "The particularity requirement of Rule 9(b) … still applies to *pro se* litigants, even though courts generally will allow *pro se* litigants some leniency." *Shabazz v. Bank of Am.*, No. 1:10-CV-0813-RWS-AJB, 2010 WL 11647333, at *12 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted*, No. 1:10-CV-0813-RWS, 2010 WL 11647469 (N.D. Ga. Nov. 29, 2010).

Here, Plaintiff's complaint falls woefully short of meeting the specificity requirements of Rule 9(b) as it merely makes vague and general allegations. Plaintiff alleges that she contacted Defendant Sawchuk at some point regarding "fraudulent documents" that Genpak's Human Resources Department allegedly "sent in" to an unnamed entity regarding Plaintiff and Grandison's child. Ostensibly, the documents pertained to child support payments owed to Plaintiff by Grandison. The complaint does not set forth the contents or the substance of the alleged misrepresentations or statements, the time and place of such statements, the person who made the statements, or the fact or facts misrepresented in the documents. Plaintiff also vaguely mentions in the complaint a "misunderstanding" between the parties as playing a role in Plaintiff's not receiving Grandison's child support payments.

Plaintiff's response fails to address any of these deficiencies. The response alleges that Genpak "[did] not send[] the money Cedrick Grandison worked for to pay his child support"; "the[ir] lady Tonya who worked for Genpak at that time kn[ew] Cedrick Granidson ha[d] to pay the court[,] put the paper in her hand and her and Copper Steel sen[t] in paperwork [stating that] Cedrick d[id] not work at Genpak since 2018 and 2019[,] [and] now he is behind in child support because of this"; and "they [know] not to send in fraud document, and I gave them some time to fix what was done and Genpak refuse[d] to." (Doc. 11). These allegations were not made in the complaint, and Plaintiff has not sought to amend the complaint to add these allegations or address any of the complaint's deficiencies. As these added allegations are not part of the complaint, the court will not consider them in ruling on Defendant's motion to dismiss. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) ("This Court ordinarily does not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss."). Even if the court were to consider the additional facts alleged in Plaintiff's response,

11

these facts still do not meet the heightened pleading standard for fraud under Rule 9(b) and do not cure the deficiencies in Plaintiff's complaint.

Accordingly, because the face of the complaint fails to allege with particularity sufficient factual allegations to support any of the requisite elements of fraud, Plaintiff's claim of fraud is due to be dismissed for failure to state a claim upon which relief can be granted. Given that Plaintiff is proceeding *pro se* and must be given an opportunity to amend the complaint before the court dismisses the action with prejudice, the court concludes that this action is due to be dismissed without prejudice. *See Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A *pro se* plaintiff, however, '*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim.") (emphasis in original); *but see Shabazz v. Bank of Am.*, No. 1:10-CV-0813, 2010 WL 11647333, at *15 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted*, No. 1:10-CV-0813, 2010 WL 11647469 (N.D. Ga. Nov. 29, 2010) ("Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that she does not wish to amend her complaint or if a more carefully drafted complaint could not state a valid claim." (citing *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010))).

## V.    Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendants' motion to dismiss (Doc. 5) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before March 5, 2021. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections

will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 19th day of February, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

13